**EXHIBIT "A"
(Part I of II)**

IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT IN AND FOR
PINELLAS COUNTY, FLORIDA

Civil Division

THOMAS LAWSON,

    Plaintiff,

vs.                                          Case No.: 04-5477-SI

DOLLAR GENERAL CORPORATION
AND DOLGENCORP, INC.,

    Defendants.
_____/

### PLAINTIFF'S COMPLAINT

The Plaintiff, THOMAS LAWSON (hereinafter "TOM"), by and through his undersigned counsel hereby files this his Complaint against DOLLAR GENERAL CORPORATION AND DOLGENCORP, INC. (hereinafter collectively "DOLLAR GENERAL"), and says as follows:

#### Parties

1. LAWSON was formerly employed by DOLLAR GENERAL and is a resident of Pinellas County, Florida.

2. DOLLAR GENERAL is doing business in Florida and in Pinellas County, Florida.

#### Factual Allegations

3. On or about March, 1996, TOM was employed by DOLLAR GENERAL initially as a manager trainee and was subsequently promoted to

District Manager. As an employee of DOLLAR GENERAL it was emphasized to LAWSON that "DOLLAR GENERAL", pursuant to its anti-discrimination and harassment policy, that all "DOLLAR GENERAL" employees have the right to work in an environment free from all discrimination and conduct which can be considered harassing, coercive or disruptive.

4. In June of 2002 LAWSON was assigned as the District Manager for District 80 that encompassed Largo, Pinellas Park, Seminole, St. Petersburg and one (1) store in Clearwater.

5. As a District Manager, TOM received extensive training with respect to loss prevention, operating protocols, administration protocols, personal operations and management and code of conduct protocols. During his employment with DOLLAR GENERAL, LAWSON received training in areas such as Asheville, North Carolina, Virginia, Delaware and Tennessee.

6. LAWSON carried out his duties as a District Manager in a diligent manner and provided the Defendant with significant return on investment with respect to his duties as a District Manager.

7. Currently, DOLLAR GENERAL'S Vice-President of store operations for the United States is Kathleen Guion.

8. As an employee of DOLLAR GENERAL, and the District Manager, LAWSON, was to diligently insure that all operations of the Defendant were carried out in compliance with all laws, rules and regulations, as well as

company policies. Further, LAWSON had an obligation to prevent, object to and report such violations.

9. On or about December of 2003, LAWSON observed Defendant's Vice-President of store operations, Kathleen Guion, engage in conduct, which was in violation of laws, rules and regulations. Said violations concerned the improper, unlawful and illegal touching of several store employees in Pinellas County, FL.

10. Specifically, Defendant, through its Vice-President, Kathleen Guion, conducted inspections in Pinellas County, Florida and on company business. The reported conduct as referenced in paragraph 9 violated laws, rules and regulations including, but not limited to, the improper, illegal and unlawful touching of employees without their consent. DOLLAR GENERAL'S Vice-President of Store Operations illegally, unlawfully and without the consent of employees, grabbed, touched, and held several employees of DOLLAR GENERAL while in Pinellas County, FL.

11. LAWSON believed that the above-described activity was in violation of law, rules and regulations and was adverse to the best interests of Defendant, its employees and the public. LAWSON was compelled to report such activity and object to it. LAWSON did report and object to such activity to his immediate supervisor and the company.

12. In addition, LAWSON submitted a written report of said incident.

351818     3

13. In July of 2004, LAWSON was named the Best District Manager for Division 3, which encompasses the South Eastern United States.

14. Notwithstanding LAWSON'S diligent conduct as Defendant's employee, Defendant notified LAWSON on August 2, 2004 that he was being terminated.

15. The basis for LAWSON'S termination were his efforts, conduct and activities in reporting various violations of rules, laws and regulations he observed as a District Manager. Any and all reasons provided to LAWSON as the basis for his termination by Defendant were merely pretextual.

16. All conditions precedent to the equivalent of this action have been met, waived or satisfied.

### Count I
### (Violation of Florida's Whistleblower Act)

17. LAWSON realleges paragraphs 1 through 16 as fully set forth herein.

18. This is an action for damages, and all other appropriate relief as permitted pursuant to Sections 448.101-105 Fla. Stat.

19. As a result of LAWSON'S actions and conduct in reporting activities and practices of Defendants, which were in violation of law, rules and regulations, LAWSON was improperly terminated by Defendant.

20. As a result of Defendants' wrongful conduct and action in terminating LAWSON for his actions and conduct in properly reporting

351818                                    4

violations of rules, statutes and regulations, LAWSON has been damaged and continues to be damaged on a daily basis.

21. Any and all reasons offered to LAWSON for his termination were pretextual and intended to avoid implications of DOLLAR GENERAL'S violation of law, rule and regulations as a result of its conduct in wrongfully terminating LAWSON.

22. In addition, LAWSON seeks an order from the Court correcting employment records prepared by Defendants, which contain pretextual reasons for his termination, which were generated by Defendants, to avoid sanctions created under the Florida Whistleblower Act.

23. As a result of the manner in which LAWSON was terminated, he is still in possession of Defendants' manuals and other materials and has been ready, willing and able to return said items upon receiving proper instructions from Defendants.

24. Finally, through this complaint, LAWSON places Defendants on notice to secure all documents concerning this matter.

WHEREFORE, LAWSON demands a judgment for damages against the Defendants, DOLLAR GENERAL CORPORATION, INC., jointly and severally, an award of attorney's fees and costs and interest and all other relief deemed appropriate, and further demands a trial by jury on all issues so triable.

*[signature]*

BRIAN P. BATTAGLIA, ESQUIRE
FBN: 557978
SPN#: 00662729
BATTAGLIA, ROSS, DICUS & WEIN, P.A.
980 Tyrone Boulevard
P.O. Box 41100
St. Petersburg, FL 33743-1100
Telephone No. (727) 381-2300
Facsimile No. (727) 343-4059
Attorneys for Plaintiff