**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**THOMAS LAWSON,**

      **Plaintiff,**

**v.**                                                        **Case No.  8:04-cv-2366-T-17TBM**

**DOLLAR GENERAL CORPORATION**
**AND DOLGENCORP, INC.,**

      **Defendants.**
_____/

## O R D E R

THIS MATTER is before the court on the following motions:

(1)     **Plaintiff, Thomas Lawson's Opposed Motion and Memorandum of Law to Redact or Strike Portions of Thomas Lawson's Deposition Testimony and to Strike the Defendant's Expert, Barbara Stein and David Lassiter's Witness Reports and All Other Portions of Depositions or Reports to be Taken or Issued by Defendant Pursuant to Fla. Stat. 943.059 and the State Court's Orders and Request for In Camera Hearing on This Matter** (Doc. 26) and Defendants' response in opposition (Doc. 31);

(2)     **Plaintiff, Thomas Lawson's Motion Requesting That the Court Enter an Order Permitting Thomas Lawson to File, Under Seal, Two Florida State Court Orders Dated February 19, 2004 and August 17, 2005 from the Sixth Judicial Circuit, in and For Pinellas County, Florida** (Doc. 27);

(3)     **Plaintiff, Thomas Lawson's Opposed Motion Requesting Extension of Discovery Deadline to November 21, 2005 as to Ivan Reeves and Defendant's Damage Expert** (Doc. 28) and Defendants' response (Doc. 33);

(4)     **Plaintiff, Thomas Lawson's Motion to Compel the Defendants to Make Available for Deposition Ivan Reeves and to Designate a**

      **30(b)(6) Witness and Memorandum of Law in Support** (Doc. 29) and Defendants' response (Doc. 33); and

(5)   **Plaintiff, Thomas Lawson's Opposed Motion Requesting That the Court Direct the Clerk of the U.S. District Court for the Middle District of Florida Place Under Seal the Defendant's Memorandum in Opposition to Plaintiff's Opposed Motion and Memorandum of Law to Redact or Strike Portions of Thomas Lawson's Deposition Testimony and to Strike the Defendant's Expert, Barbara Stein and David Lassiter's Witness Reports to Be Taken or Issued by the Defendant, Pursuant to Fla. Stat. § 943.059, and the State Court Orders and Request for In-Camera Hearing on This Matter** (Doc. 32) and Defendants' response (Doc. 35).

A hearing was conducted November 22, 2005. By his motion to strike (Doc. 26), Plaintiff seeks an Order redacting or striking portions of his deposition testimony, defense expert Barbara Stein and David Lassiter's witness reports, and other depositions or reports that reference matters related to the subject of an Order to Seal entered by Judge Dee Anna Farnell in the County Court of the Sixth Judicial Circuit of the State of Florida on February 19, 2004. This Order, together with an Order entered by Judge Crockett Farnell in the Circuit Court of the Sixth Judicial Circuit on August 17, 2005, were submitted for *in camera* review by the Plaintiff in connection with his motion to seal (Doc. 27). As grounds for these motions, Plaintiff argues that these matters are confidential and protected from disclosure under section 943.059(4) of the Florida Statutes. Plaintiff argues that these matters should not have been referenced in depositions or reports by Defendants' counsel or their experts. Thus, Plaintiff not only seeks a redaction or striking of these matters, but he also requests the court to direct defense counsel to cease references to this confidential information as this litigation progresses.

In response, Defendants argue that they obtained the confidential information lawfully from the Pinellas County Sheriff's Office prior to the Plaintiff's deposition and the subsequent entry of the Circuit Court's Order.  Defendants argue that Plaintiff testified in his deposition as to the conduct underlying the sealed records and that such information is relevant to Plaintiff's claims in this action.  Finally, Defendants argue that nothing in section 943.059 prohibits the use or discussion of information contained in a sealed arrest record or the underlying conduct related to the arrest in litigation.

Section 943.059 of the Florida Statutes provides in pertinent part:

> **(4) Effect of criminal history record sealing.--**A criminal history record of a minor or an adult which is ordered sealed by a court of competent jurisdiction pursuant to this section is confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution and is available only to the person who is the subject of the record, to the subject's attorney, to criminal justice agencies for their respective criminal justice purposes, or to those entities set forth in subparagraphs (a)1., 4., 5., and 6. for their respective licensing and employment purposes.

Fla. Stat. § 943.059(4).  Part (a) of this subsection states that the subject of a criminal history record sealed under this section may lawfully deny or fail to acknowledge the arrests covered by the sealed record, with specified exceptions, none of which are raised by Defendants as applicable in this instance.  Part (b) of this subsection further provides that this person may not be held "to commit perjury or to be otherwise liable for giving a false statement by reason of such person's failure to recite or acknowledge a sealed criminal history record." Id. at § 943.059(4)(b).

3

Plaintiff's motion (Doc. 26) is **GRANTED in part** and **DENIED in part**. From the hearing, it is apparent that Plaintiff testified freely at his deposition concerning his prior arrest rather than answering the inquiries as authorized by the statute. In these circumstances, I find no good cause to strike or redact the portions of the deposition or the expert reports which relate to his testimony. However, it appears that Plaintiff's counsel did protest that defense counsel had a copy of an offense report that was subject to a valid sealing Order by Judge Dee Anna Farnell. According to Plaintiff's counsel, defense counsel thereafter read from portions of the report during his questioning. To the extent this is so, these portions of the deposition are more problematic. By reason of the sealing Order, counsel for the Defendants should not have had possession of the offense report.[1] In the circumstances of this case, counsel's verbatim use of the arrest report violated the spirit of the court's Order and the statute. Thus, upon additional consideration of the matter, I conclude that neither party may use before this court or otherwise, the verbatim portions of any offense report or other document subject to the sealing Order. Neither the deposition nor the expert reports at issue have been filed with the court. Accordingly, the court will not direct their redaction or strike them. Should counsel seek to use the deposition or the expert reports before the court, care shall be taken to redact the verbatim portions from the sealed records as required hereby. In all other respects, the motion (Doc. 26) is denied.

Out of deference to the state court sealing procedures, as well as the state judges' Orders, the motion requesting sealing of the state court Orders (Doc. 27) is **GRANTED.** The

---

[1] The sealing statute covers not only rap sheets but also police report, witness statements and affidavits. State v. J.D.E., 622 So.2d 8 (Fla. 2d DCA 1993).

two sealed Orders submitted for *in camera* inspection shall remain sealed in this court absent further Order of the court. As discussed at the hearing, Plaintiff's motion to seal Defendants' response to the motion to redact or strike (Doc. 32) is also **GRANTED**. The Clerk is directed to file Defendants' response (Doc. 31) under seal and electronically delete the same from the public record.

With respect to Plaintiff's motions (Docs. 28, 29) concerning Ivan Reeves, Defendants' damage expert, and Rule 30(b)(6) witness, Plaintiff seeks an extension of the October 25, 2005, discovery deadline through November 21, 2005, in order to take a two-hour deposition of Mr. Reeves (who was previously designated as a 30(b)(6) witness) as a fact witness and to take the deposition of Defendants' damages expert following the production of Defendants' third and final damage report from their expert, Edward Wolpert.[2] Plaintiff also seeks an Order compelling the Defendants to designate a corporate representative for deposition pursuant to his prior 30(b)(6) notices. By their response (Doc. 33), Defendants oppose an extension of the discovery deadline for other depositions on grounds that Plaintiff's counsel has had ample opportunity to complete discovery and because of the November 23, 2005, dispositive motion deadline. Defendants attribute the failure of the Plaintiff to take Mr. Reeves' deposition as a fact witness and Jeff Rice as the corporate representative to Plaintiff's own lack of diligence, including the repeated rescheduling and cancellations of these depositions by Plaintiff's counsel.

---

[2]Plaintiff no longer seeks this deposition.

As discussed at the hearing, Plaintiff's motion for an extension of the discovery deadline (Doc. 28) is **GRANTED** to permit the deposition of Mr. Reeves and **DENIED as moot** as to the Defendants' damage expert, and Plaintiff's motion to compel a 30(b)(6) witness (Doc. 29) is **DENIED**. The parties shall cooperate to accomplish Mr. Reeves' deposition within the next twenty (20) days. As discussed, at the hearing, the dispositive motion deadline is extended for twenty-five (25) days.

**Done and Ordered** in Tampa, Florida, this 23rd day of November 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record