**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

THOMAS LAWSON,

    Plaintiff,

vs.                              Case No. 8:04-cv-2366-T-17TBM

DOLLAR GENERAL CORPORATION, et al.,

    Defendant.

_____/

## ORDER

    This cause is before the Court on Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment, and Statement of Undisputed Facts filed on December 21, 2005 (Docket No. 67) and Defendants' response thereto, filed on January 03, 2006. (Docket No. 73)

## BACKGROUND

    Plaintiff, Thomas Lawson, was an employee of, and is bringing suit against, Defendant, Dollar General Corporation under Title VII of the Civil Rights Act, 42 U.S.C. 2000(e) et. seq., the Florida Private Whistleblower's Act, 448.101-105 et. Seq., and the Florida Civil Rights Act, 760.01-011, et. Seq., Fla. Stat.  Plaintiff's amended complaint (Docket No. 20) states that he had witnessed a Dollar General Executive violating laws, rules and regulations and pursuant to his training he reported the activity and was subsequently terminated due to this reporting.  Defendant corporation has answered with denials and affirmative defenses.  (Docket No. 23)  Defendant then filed a Motion for Summary Judgment along with a Memorandum in Support of the Motion for Summary Judgment and a Statement of Undisputed Facts on December 19, 2005. (Docket Nos. 42-44)  Consequently, Plaintiff then filed its Motion to Strike Defendants' Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment, and Statement of Undisputed Facts on December 21, 2005 (Docket No. 67).  Thereafter, Defendant filed its Memorandum in Opposition re *Plaintiff's Motion to Strike* on January 03, 2006. (Docket No. 73)

**DISCUSSION**

Under Local Rule 3.01©) of the Local Rules of the Middle District of Florida, no party may submit a memorandum of law in excess of twenty (20) pages to the Court for review.  Additionally, a recent decision from the United States District Court for the Middle District of Florida by The Honorable James S. Moody, Jr. found "counsel may not circumvent this rule by separately filing a motion and memorandum in support thereof." Sommers v. Pediatric Services of America, 2005 U.S. Dist. LEXIS 28253(M.D. Fla. 2005).  The Court finds this decision persuasive.  However, it is within the Court's discretion to allow a memorandum to be in excess of twenty (20) pages if it is within the interest of justice and can not be revised to be of shorter length.  Defendant counsel has not marginally, but grossly exceeded the twenty (20) page limit set forth by the Local Rules with their submission of the four (4) page Motion for Summary Judgment, the twenty (20) page Memorandum in Support of Motion for Summary Judgment, and the eighty-seven (87) page Statement of Undisputed Facts to equal a total of 111 pages.  It is a widely accepted standard that the Statement of Facts should be included in Memoranda, and the Court can only see the Defendant counsel as trying to "circumvent this rule." Id. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment, and Statement of Undisputed Facts filed on December 21, 2005 (Docket No. 67) be **granted in that** the Motion for Summary Judgment and the Memorandum in Support of Motion for Summary Judgment will be accepted for review and the Statement of Undisputed Facts (Docket No. 44) is stricken from this case.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, on this 20ˢᵗ day of June, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record