UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS LAWSON,

    Plaintiff,

vs.                              Case No. 8:04-cv-2366-T-17TBM

DOLLAR GENERAL CORPORATION, et al.,

    Defendants.

_____/

**ORDER**

This cause is before the Court on Defendants, Dolgencorp, Inc and Dollar General Corporation's (hereinafter Defendants), Motion for Summary Judgment filed on December 19, 2005 (Docket No. 42) and Plaintiff, Thomas Lawson's, Memorandum in Response to Defendants' Motion for Summary Judgment, filed on January 05, 2006. (Docket No. 89)

**I. BACKGROUND**

Plaintiff, Thomas Lawson, was an employee hired under Dolgencorp, Inc., together with Dollar General Corporation, and is bringing suit against Defendants, Dollar General Corporation and Dolgencorp, Inc. under Title VII of the Civil Rights Act, 42 U.S.C. 2000(e) et. seq., the Florida Private Whistleblower's Act, 448.101-105 et. seq., and the Florida Civil Rights Act, 760.01-011, et. seq., Fla. Stat.  Plaintiff's amended complaint (Docket No. 20), filed on June 02, 2005, states that he had witnessed a Dollar General Executive, Ms. Kathleen Guion, violating laws, rules and regulations. Plaintiff claims that Ms. Guion sexually harassed other employees by making statements about their

appearance, hugging them, placing her arm on them, and subsequently having her body parts, namely her breasts, touching the other employees William Eaton, Joseph Ponczkowski, and Tonya White, and, pursuant to Plaintiff's training as a District Manager responsible for reporting any activities, he reported the activity and was subsequently terminated due to this reporting.  The defendant corporations have answered with denials and affirmative defenses.  (Docket No. 23)  Defendants have responded by stating that Plaintiff was not terminated for reporting the activity, but was terminated for discussing confidential information regarding a company investigation with other employees of the company.  (Docket No. 43)  Plaintiff then made the claims that the reasons offered for his termination were pretext and that his termination was retaliatory.  (Docket No. 20)

## II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 322-324 (1986).  A material fact is one that "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party . . . ."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The evidence presented must be construed in favor of the nonmoving party, and that party must receive the benefit of all favorable inferences that can be drawn from that party's evidence. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).  The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. " Liberty Lobby, 477 U.S. at 249.

### III. DISCUSSION

Plaintiff Lawson has asserted three claims against Defendants Dollar General Corporation and Dolgencorp, Inc.: (1) a violation of Title VII of the Civil Rights Act, 42 U.S.C. 2000e-3(a); (2) a violation of the Florida Civil Rights Act, 760.01-011, Fla. Stat. for retaliatory discharge; and (3) a violation of Florida's Whistleblower Act, 448.101-105 Fla. Stat.

### VIOLATION OF TITLE VII and FRCA FOR RETALIATORY DISCHARGE

Three prongs must be met in order to establish a *prima facie* case of retaliation under Title VII of the Civil Rights Act and the Florida Civil Rights Act. The Plaintiff must show: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between his protected activity and the adverse employment action. Harper v. Blockbuster Entertainment Corp., 139 F.Supp. 2d 1355 (S.D. Fla. 2001); Neal v. Manpower Intl., 2001 U.S. Dist. LEXIS 25805 (N.D. Fla. 2001).

Plaintiff's claim for unlawful retaliation was based on Defendants terminating Plaintiff's employment after he reported that a high-ranking employee of Defendants, Ms. Kathleen Guion, violated policies and sexually harassed other employees. Reporting potential sexual harassment falls under protected activity under Title VII. It is undisputed that Plaintiff suffered an adverse employment action. "To prove a causal connection, we require a plaintiff only to demonstrate 'that the protected activity and the adverse action were not wholly unrelated.'" Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1337 (11th Cir. 1999). The Court finds that the Plaintiff has established a *prima facie* showing of causal connection.

Once the plaintiff can establish a *prima facie* case, the defendant must then show a non-retaliatory reason for terminating plaintiff's employment. If this is satisfied by the defendant, the plaintiff must then show the non-retaliatory reason proffered by defendant is pretextual. Chambers v.

Walt Disney World Co., 132 F. Supp. 2d 1356, 1368 (M.D. Fla. 2001).  Defendants have stated that the non-retaliatory reason for terminating Plaintiff's employment was that he discussed confidential information with others regarding the investigation into Ms. Guion's actions, which were reported by Plaintiff.  In addition, Defendants have offered many other reasons they could have terminated Plaintiff's employment, including his living arrangements and arrest record, but then go on to state those were not the reasons they terminated Plaintiff's employment.  The reason Defendants offered for ending the employment was that Plaintiff discussed confidential matters but this same activity was also engaged in by other employee's in the conversation and they were not terminated.  The Court finds the plaintiff has raised an issue of whether or not the Defendants' reasons for terminating him were pretextual.  For these reasons, The Court finds there are still genuine issues of material fact to be weighed by the trier of fact and, therefore, summary judgment is not proper in regards to the claim of retaliatory discharge under Title VII.

## VIOLATION OF FLORIDA'S WHISTLEBLOWER ACT CLAIM

Plaintiff's other claim is made under the Florida Whistleblower Act, which states that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has…[p]rovided information to, or testified before, any…person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of law, rule, or regulation by the employer.  {O]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3).  The Florida Whistleblower Act requires that a Plaintiff actually prove a violation of a law, rule, or regulation. White v. Purdue Pharma, Inc., M.D.Fla.2005.  "'Law, rule, or regulation' includes any statute or ordinance or any rule or regulation adopted pursuant to any federal, state, or local statute or ordinance application to the employer and pertaining to the business." Fla. Stat. § 448.102(3).

Plaintiff claims that Defendants terminated his employment because he reported that a high ranking employee of the company had sexually harassed other employees, which was against company policy. However, Plaintiff can not prove that he participated in statutorily protected activity because Plaintiff is not claiming that the practice of the employer was in violation of any law, rule, or regulation Plaintiff has not claimed any violation by Ms. Guion other than a violation of Dollar General's policies against sexual harassment, which do not constitute the definition under the FWA of a law, rule, or regulation.  Even if Plaintiff could establish the other prongs of the *prima facie* case under the FWA, his claim under the FWA fails as a matter of law and, therefore, can not survive summary judgment. Accordingly, it is

**ORDERED** that the Motion for Summary Judgment (Docket No. 42) be **DENIED** as to Plaintiff's Title VII unlawful retaliation claim and Plaintiff's Florida Civil Rights Act unlawful retaliation claim and **GRANTED** as to Plaintiff's Florida Whistleblower Act claim, which is dismissed from this cause of action with prejudice.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, on this 12th day of July, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All parties and counsel of record